Draice, Ch. J.,
dissenting:
I dissent from so much of the opinion just read as holds: 1, that the claimant’s offer of the Kalorama property was agreed to by General Mansfield; and, 2, that the claimant is entitled to recover for the injury done to the property by the troops *497 while occupying it, for the burning of the house, and for the rock, gravel, &c., taken from the premises by the military forces of the United States. In my opinion, there is not the least foundation in law for any recovery on any of those grounds.
In the first place, what was the contract between the claimant and the United States, represented by General Mansfield? This is to be found nowhere but in the letters of the claimant and General Mansfield, of August 17, 1861.
It is claimed that General Mansfield’s answer accepted the claimant’s proposition, with a modification, and that all of the terms of the proposition which General Mansfield did not by his answer modify were accepted and agreed to by him. This view seems to me to be entirely at variance with all well-established rules governing the establishment of a contract through “ a request on the one side and an assent on the other.”
The doctrines applicable to such a case are very clearly stated in 1 Parsons on Contracts, 5th ed., p. 475 et seg., as follows :
“There is no contract unless the parties.thereto assent; and they must assent to the same thing in the same sense. * * * A mere affirmation or proposition is not enough. * . * * It becomes a contract only when the proposition is met by an acceptance which corresponds with it entirely and adequately. * * * The principle may be stated thus: The assent must comprehend the whole of the proposition; it must be exactly equal to its extent and provisions, and it must not qualify them by any new matter. * * * Where the answer, either in words or in effect, departs from the proposition or varies the terms of the offer, or substitutes. for the contract tendered one more satisfactory to the respondent, * * * there is no assent and no contract. The respondent is at liberty to accept wholly or to reject wholly; but one of these things he must do; for, if he answers, not rejecting, but proposing to accept under some modification, this is a rejection of the offer. * * *' An answer or a compliance has been sometimes held insufficient to make a contract where the difference of terms between the parties did not seem to be very important. In fact, the court seldom inquires into the magnitude or effect of this diversity; if it clearly exists, that fact is enough.”
*498 Iu the light of the doctrines thus succinctly and clearly stated, let us first see what the claimant offered in his letter. His proposition contained the following eig'ht particulars:.
1. To lease a part of the Kalorama tract, comprising the house and porter’s lodge with thirty acres of land.
2. The premises to be leased for the purposes of a hospital.
3. The lease to be for three years.
4. The rent to be $450 per month.
5. The Government to have the privilege to renew the lease for three years longer at the same rent.
6. The trees and shrubbery on the grounds to be strictly protected, and any unnecessary injury thereto to be compensated for by the Government.
7. The buildings to be kept in repair by the Government, and to be left in as good repair as ordinary wear and tear would permit.
8. The fence on the property, which had been destroyed by troops during a previous occupancy, to be renewed by the Government, and left in good repair at the expiration of the term.
It is no exaggeration to say that General Mansfield’s letter did not accept a single one of those eight particulars. On the contrary, he made a counter proposition, containing the following five particulars:
1. To hire the whole Kalorama property, which is shown by •the evidence to have embraced about ninety acres.
2. The rent to be $500 per month.
3. The time to be one year.
4. The Government to have the privilege of keeping it at least three years if desirable.
5. The property to be used for all purposes.
This was not merely a modification of the claimant’s proposition; it was, in law, a clear and distinct rejection of it, by making a totally different one, which the claimant could accept or not as he saw fit. There is no evidence of an express acceptance of it by him, but abundant evidence of his implied assent, in two facts:
1. That the premises were, as General Mansfield’s letter required, vacated by the claimant, or those then occupying them, within, the time specified in that letter, and the occupancy turned over to the Government; and 2. That the claimant re- *499 eeivecl the rent of $500 per month, as stipulated by General Mansfield, uutil the same was reduced to $250 per month ; that is, from August 23,1881, to June 30,1862. Of course, if the claimant’s prox>osition had been agreed to by General Mansfield, only $450 per month would have been paid; and equally, of course, if the claimant had not accepted General Mansfield’s counter-proposition, he would not have been paid $500 per month.
Thus it is to my mind clear that the claimant’s proposition was never accepted by the Government, and that General Mansfield’s counter-proposition was accepted by the claimant. If this be so, 'then that part of the claimant’s case which seeks to charge the Government, ex contractu, for the value of the house that was burned and for the injury done to the premises • by the troops, falls to the ground.
But so far as the injury to the premises is concerned, there is another and more conclusive defense, in that this court is, by the first section of the Act July 4,1864, (13 Stat. L., p. 381,) expressly denied jurisdiction of any such claim. That section is as follows:
“That the jurisdiction of the Oourc of Claims shall not extend to or include any claim against the United States growing out of the destruction or appropriation of, or damage to, property by the Army or Navy, or any part of the Army or Navy, engaged in the suppression of the rebellion, from the commencement to the close thereof.”
I am unable to comprehend how, in view of that provision, it could be supposed that this court has any semblance of authority to consider this part of the claimant’s demand. If that language be not clear enough, full enough, and strong enough to debar recourse here on such a claim, I should be at a loss to know what form of words could be effectual to that end. In my judgment, this court has no more right to take jurisdiction of such a claim than it would have of an action for an assault and battery. '